In Re: Application of Herman Yudacufski. Herman Yudacufski, Appellant.

Argued May 7, 1985, before Judges ROGERS, MAC-PHAIL and BARRY, sitting as a panel of three.

*Lewis Kates, Kates, Livesey & Mazzocone,* for appellant.

*Scott M. Olin,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY JUDGE BARRY, November 25, 1985:

This appeal results from an order of the Court of Common Pleas of Schuylkill County which sustained preliminary objections filed by the Commonwealth of Pennsylvania, Department of Transportation (DOT) and dismissed an application to convene the State Mining Commission filed by appellant Herman Yudacufski.

The factual history of this case dates back two decades. Appellant is the owner of both the surface rights and subsurface mineral rights of certain lands in Schuylkill County. In order that Interstate 81 (I-81) could be constructed, DOT condemned a portion of appellant's land in two separate condemnations. The first, dated July 30, 1965, involved 54.11 acres of appellant's land. The second, in February

of 1967, took 68.83 acres. As a result of the takings, certain coal reserves had to be left in place to provide vertical and lateral support for I-81. As the result of the takings, appellant sought just compensation from DOT. Actions under the Eminent Domain Code, for the surface rights taken, were commenced in the Court of Common Pleas of Schuylkill County at Nos. 364 September Term, 1965 and 365 March Term, 1967. On October 23, 1970, appellant petitioned for the appointment of a State Mining Commission, at the same docket numbers assigned to the eminent domain actions, in accordance with the provisions of the Act of June 1, 1933, P.L. 1409, *as amended*, 52 P.S. §1501. That application was granted on July 15, 1971. Although the record is unclear, appellant alleges the proceedings before the State Mining Commission were deferred until completion of the eminent domain proceedings.

In 1977, appellant's eminent domain claims were decided at a jury trial in Schuylkill County. This Court affirmed the jury's award, *Yudacufski v. Commonwealth*, 54 Pa. Commonwealth Ct. 448, 422 A.2d 1181 (1980). Appellant then obtained new counsel who successfully petitioned the Supreme Court for review. The Supreme Court reversed, holding that appellant's petition for a change of venue had been improperly denied. *Yudacufski v. Commonwealth*, 499 Pa. 504, 454 A.2d 923 (1982). This portion of the case has yet to be finally disposed of. *See Commonwealth v. Yudacufski*, 83 Pa. Commonwealth Ct. 609, 480 A.2d 369 (1984).

In March of 1982, appellant filed the present application to convene a State Mining Commission, alleging that inordinant delay and irreparable harm would result should appellant have to wait until completion of the eminent domain proceedings. DOT

filed preliminary objections to this application, arguing, *inter alia,* that the action was untimely filed. The trial court agreed and sustained DOT's objections and dismissed the application. This appeal followed.

The Legislature has specifically provided that the State Mining Commission is the forum for assessing damages for subsurface coal which must be left in place to provide vertical and lateral support for lands, easements or right of ways acquired by the Commonwealth. As the Supreme Court has stated:

> [W]e are fully aware that an anomalous situation is created and that a property owner with both surface and subsurface coal rights must resort to two separate tribunals to secure just compensation for a deprivation of such rights, each tribunal to determine the existence, if any, of separate and distinct items of damage all of which arise from the same act of condemnation by the Commonwealth. Such result follows from the statute. The wisdom of such legislation is a matter within the province of the legislature and not the judiciary.

*Williams v. Department of Highways,* 423 Pa. 219, 227, 223 A.2d 865, 869 (1966).

The statute authorizing the State Mining Commission is silent on the question of when such an application must be filed. Section 5527 of the Judicial Code, however, provides: "The following actions and proceedings must be commenced within six years . . . (6) Any civil action or proceeding which is neither subject to another limitation specified by this subchapter nor excluded from the application of the period of limitation by section 5531 (relating to no limitation)." 42 Pa. C. S. §5527. Prior to the adoption of the Judicial Code, it was clear that an application to convene a State Mining Commission had to

be filed within six years of the declaration of taking. *H. C. Frick Coke Company Appeal,* 352 Pa. 269, 42 A.2d 532 (1945). As the present application was filed in 1982 and the two declarations of taking were filed in 1965 and 1967, either the Judicial Code or the earlier statute of limitations would require a holding that the present application is time barred.

Appellant argues, however, that Section 5530 of the Judicial Code applies rather than Section 5527. The former provides:

> (a) General rule.—The following actions and proceedings must be commenced within 21 years:
>
> . . . .
>
> (3) A proceeding in inverse condemnation, if property has been taken and the condemnor has not made payment in accordance with section 407(a) or (b) (relating to possession and payment of compensation) of the Act of June 22, 1964 (Sp. Sess., P.L. 84, No. 6), known as the 'Eminent Domain Code'. (Footnote omitted.)

42 Pa. C. S. §5530. An inverse condemnation has been defined as "a cause of action against a government defendant in which a landowner may recover just compensation for a 'taking' of his property under the Fifth Amendment, even though formal condemnation proceedings in exercise of the sovereign's power of eminent domain have not been instituted by the government entity." *San Diego Gas & Electric Company v. City of San Diego,* 450 U.S. 621, 637 n.2 (1981).[1]

---

[1] Of course, the Fifth Amendment's prohibition against taking private property for public use without just compensation is applicable to the states through the Fourteenth Amendment. *Chicago, B., & Q. R. Co. v. Chicago,* 166 U.S. 226 (1897).

Appellant admits that formal declarations of taking were filed for the surface rights to the land. He argues that since subsurface coal deposits are not taken with every taking of the surface rights, it must necessarily follow that the taking of subsurface coal for vertical and lateral support amounts to an inverse condemnation. We do not agree because the property in this case was acquired through formal, and not inverse, condemnation.

Appellant also argues that the Commonwealth's failure to object to the initial application for convening a State Mining Commission somehow precludes DOT from objecting to the present application. Suffice it to say that if appellant is to recover at all for the subsurface coal taken, he must do it under the initial application which is evidently still pending.[2]

### ORDER

Now, November 25, 1985, the October 4, 1982, order of the Court of Common Pleas of Schuylkill County, at No. S 894-82, is affirmed.

Senior Judge BARBIERI did not participate in this decision.

----

[2] We express no view concerning the viability of the initial application which has lain dormant for over fifteen years, as that issue is not presently before us.