**EDELWEISS DEVELOPMENT
CORPORATION, Plaintiff,**

v.

**COUNTY OF SUSQUEHANNA, Susquehanna County Planning Commission and Herrick Township, Defendants.**

**Civ. No. 87–1685.**

United States District Court,
M.D. Pennsylvania.

Nov. 30, 1988.

Charles Shea, III, J. Thomas Shea, Wilkes–Barre, Pa., David H. Moskowitz, Devon, Pa., for plaintiff.

Richard A. Polachek, Fine & Wyatt, P.C., Scranton, Pa., Frederick J. Meagher, Jr., Hester, Meagher & Burr, Montrose, Pa., for defendants.

## MEMORANDUM AND ORDER

CONABOY, Chief Judge.

This is a civil rights action filed pursuant to 42 U.S.C. § 1983, and the Fifth and Fourteenth Amendments of the United States Constitution. Plaintiff commenced this action seeking to recover compensatory damages resulting from the Defendants' refusal to approve a land development project. Presently pending before the Court are motions by the Plaintiff to amend the complaint and for partial summary judgment; a motion by Defendant, Susquehanna County Planning Commission for summary judgment; and a motion for summary judgment filed on behalf of all Defendants. For the foregoing reasons, this Court will grant the Defendants' motion for summary judgment and dismiss this case.[1]

### I.

On July 29, 1987, Martin Schoenleber, as President of Edelweiss Development Corporation, submitted to the Susquehanna County Planning Commission (hereinafter referred to as Commission) a preliminary development plan for the construction of 122 condominium units to be located at the base of Elk Mountain in Herrick Township, Susquehanna County, Pennsylvania. By way of letter dated August 5, 1987, the Commission advised Mr. Schoenleber that they had received Edelweiss' filing fee and additionally outlined in the letter the procedure which the Commission would follow. On September 2, 1987, after reviewing the preliminary plan for the Edelweiss Development, the Commission notified Mr. Schoenleber of the contradictions that existed in the plan with the Susquehanna County Subdivision and Land Development Ordinance.

---

1. Since this Court finds merit in Defendants' motion for summary judgment, we need not address Plaintiff's request to amend the complaint to add a pendent state claim, as well as Edelweiss' request for partial summary judgment based on that pendent claim. *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) (Retention of pendent state claim after dismissal of federal question issue is at the discretion of the court).

In response, Edelweiss submitted revised plans for the Commission's consideration and Plaintiff was subsequently notified that the Commission would be reviewing the submitted application at its October 27, 1987 meeting. Upon reviewing the Plaintiff's application, the Commission disapproved the plan development and by letter dated November 2, 1987, Mr. Schoenleber was notified in writing of the Commission's disapproval.

On November 30, 1987, Edelweiss submitted revised plans, marked as the 4th revised plan, and requested reconsideration of the Commission's disapproval of the preliminary plan pursuant to Section 1003.01 of the Susquehanna County Subdivision and Land Development Ordinance.[2] On December 1, 1987, Plaintiff filed the instant federal suit based on a three count complaint against the defending parties. Essentially, Edelweiss seeks compensatory damages for the alleged unlawful taking of its property by the Defendants. Plaintiff's claim is premised on the contention that the denial of its development plan was unlawful since the deficiencies cited by the Commission were actually zoning restrictions imposed outside the scope of the Commission's authority.

On December 18, 1987, the Commission notified Mr. Schoenleber that his request for reconsideration would be considered at the Commission's December 29, 1987 meeting. On January 6, 1988, the Planning Commission notified the Plaintiff that the request for reconsideration had been granted and that the Commission would meet with the Plaintiff for a workshop to resolve the remaining disputes. On February 23, 1988, the Commission met to consider the Plaintiff's submitted plan, which at this time was the 6th revised plan developed by Edelweiss. At the said meeting, Mr. Schoenleber, at the request of the Commission, executed a statement indicated that the 6th revised plan replaced all previous plans.

Doc. No. 23, Exhibit W. Furthermore, by letter dated March 1, 1988, Mr. Schoenleber indicated to the Commission possible resolutions to the deficiencies in the 6th preliminary plan, including the Commission's granting of waivers to its Ordinance. Additionally, Mr. Schoenleber, on behalf of the Plaintiff, proposed a compromise that would result in a reduction in the total units to be constructed from 122 to a maximum of 80 units. Doc. No. 23, Exhibit X.

On March 2, 1988, the Commission advised the Plaintiff of deficiencies found in the 6th revised plan as submitted to the Commission at its February 23, 1988 meeting. On April 19, 1988, the Commission advised Mr. Schoenleber that the 6th revised preliminary plan for Edelweiss Development in Herrick Township would be listed on the agenda before the County Planning Commission's meeting scheduled for April 26, 1988. Upon the Commission's consideration of the 6th preliminary plan as submitted by Mr. Schoenleber, the Commission unanimously decided not to approve the plan. Plaintiff was notified of this result by letter dated March 1, 1988. Since that time, it would appear that Plaintiff has not submitted any further revised preliminary plans but has concentrated his efforts on the instant federal suit.

## II.

Presently pending before this Court is a motion for summary judgment filed on behalf of the Susquehanna County Planning Commission and a similar motion raising further objections filed on behalf of all Defendants. This Court shall review the arguments offered in each motion, examine the response filed by the Plaintiff and outline the basis for our decision as to each element presented.

The motion filed by the Susquehanna County Planning Commission basically raised two points for consideration: the

---

**2.** Section 1003.01 of the Ordinance provides as follows:

Section 1003. RECONSIDERATION

1003.01 *Developer aggrieved*—any developer aggrieved by a finding, decision, or recommendation of the Commission may, within 30 days, request and receive opportunity to appear before the Commission, present additional relevant information, and request reconsideration of the original finding, decision, or recommendation.

first argument questions the ripeness of the issues presented by the Plaintiff. At the time of the filing of the Commission's brief, the Plaintiff's preliminary development plan was under reconsideration and, therefore, the Commission believed that a final decision of the Plaintiff's preliminary development plan had not been reached. The Defendant Commission concluded that Plaintiff lacked standing to bring this action into Court since judicial resolution would be premature. *See* Pennsylvania Municipalities Planning Code, 53 P.S.Pa. Stat. § 11806.

The second issue raised by the Commission was that the actions taken by them did not constitute a taking within the purviews of the 5th & 14th Amendments. Citing the case of *Pennsylvania Central Transportation Co. v. New York City*, 438 U.S. 104, 98 S.Ct. 2646, 57 L.Ed.2d 631 (1978), the Commission cited the proposition that it was erroneous to focus on the nature of the use of the land which was prohibited without also examining the many profitable uses to which the property could still be put to use. The Defendants concluded that even if the denial of the preliminary development plan is deemed a prohibition of the development of 122 condominium units as proposed by the Plaintiff, it certainly is not a denial of all use of the Plaintiff's property. Document # 8 at 6.

As for the motion filed on behalf of all Defendants, the issue raised is whether the Plaintiff's complaint states a claim against any of the Defendants pursuant to 42 U.S.C. § 1983 for which Plaintiff would be entitled to relief. After delineating the legal standard for summary judgment, the Defendants assert that since the Plaintiff had failed to exhaust the remedies available to Edelweiss pursuant to the Susquehanna County Subdivision and Land Development Ordinance, no due process violation has been presented. Defendants claim that sufficient state remedies were available to provide a fair hearing, therefore, no due process violation had occurred. Document # 29 at 14. Moreover, Plaintiff failed to establish facts, which would create an issue of fact as to whether or not a taking had occurred since Edelweiss never submitted a plan which was in compliance or in accord with the Susquehanna County Subdivision and Land Development Ordinance.

As to the issue of ripeness and the requirement of exhausting available remedies, the Petitioner asserts that there is no exhaustion requirement in a civil rights action filed pursuant to 42 U.S.C. § 1983. Document # 30 at 5 citing *Patsy v. Board of Regents of State of Florida*, 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982). According to the Plaintiff, even if an exhaustion requirement did exist, since the disputed actions of the Commission constituted an attempt to impose zoning regulations, there existed no County Zoning Board to appeal and, therefore, Edelweiss' only recourse was to file suit in Court.

Plaintiff also believes that since the basis for this cause of action relates not only to the denial of all reasonable use of Plaintiff's property, but also a denial based on illegal and invalid considerations which would constitute a taking without just compensation, this matter is properly before this Court. Document # 12 at 8. Specifically, Plaintiff contends that the Land Development Ordinance of Susquehanna County as enforced by the Commission is a combined subdivision regulation and zoning ordinance which exceeds the County's statutory authority. Plaintiff Edelweiss contends that it cannot fulfill requirements concerning unlawful density, set back and parking requirements since these matters are beyond the authority of the Commission to impose. Document No. 30 at 9 (Plaintiff believes that genuine issues of material fact remain since Edelweiss admits that they have not complied with the Ordinance, but that the Commission used the *Subdivision Ordinance as a mask through which zoning restrictions are imposed*). Thus, the Commission's actions constitute a taking of property without just compensation. There remains, according to the Plaintiff, the issues as to whether Plaintiff sufficiently complied with the Ordinance and whether the Commission was justified in denying approval of the Edelweiss Development Plan.

With the above issues in mind, this Court will consider the arguments presented by first considering Edelweiss' "taking" claim without just compensation under the Fifth Amendment and then addressing this action as a due process "taking" under the Fourteenth Amendment.[3]

### III.

The Defendants claim that the development plan subject to this dispute had not reached a final consideration by the Commission nor had the Plaintiff exhausted all remedial measures required before pursuing this suit. According to the Defendants, since no final determination has been reached, the Plaintiff's claim is premature.

Plaintiff believes, however, that the Commission's October 27, 1987 rejection was a final decision which is appealable to this Court. Furthermore, Plaintiff contends that there is no exhaustion requirement as to 42 U.S.C. § 1983 claims. *Patsy v. Board of Regents of the State of Florida,* 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982).

After reviewing the arguments presented, this Court concludes that although the Plaintiff need not exhaust available remedies, there is an issue of "finality" which must be addressed. *See Williamson Planning Commission v. Hamilton Bank,* 473 U.S. 172, 192–194, 105 S.Ct. 3108, 3119–3120, 87 L.Ed.2d 126 (1984) (Distinction between requiring finality of decision as opposed to exhaustion of remedies).

The Pennsylvania Municipalities Planning Code allows for a landowner or an aggrieved individual to obtain a review of a decision by a municipal agency which prohibits or restricts the development of land in which he has an interest either on the bases of an invalid ordinance or the misapplication of it. 53 P.S.Pa.Stat.Ann. §§ 11004–11006. Under the Susquehanna Planning Ordinance, a landowner may request reconsideration of an adverse decision or treat it as final and appealable. *See*

Footnote 2, supra, at 2; Defendants Brief, Doc. No. 29 at 13.

In this case, the Petitioner not only filed this federal lawsuit, he also pursued an administrative request for reconsideration. Plaintiff *elected* to pursue both an administrative route as well as filing this pending litigation. Since this matter of reconsideration was still pending before the Commission at the commencement of this suit, it would appear that a final decision had not been reached. 53 P.S.Pa.Stat.Ann. §§ 11004(2)(b) and 11006(1)(a).

■ While this action was pending, however, the Commission did hand down a decision on April 29, 1988 denying the sixth revised plan submitted by the Petitioner. According to the Municipal Planning Code and the Susquehanna County Subdivision and Land Development Ordinances, this decision made it appealable to the Court of Common Pleas. *See* 53 P.S. 11004(3)–11006(3)(a); Susquehanna County Subdivision and Land Development Ordinance Section 1003.02(1), (2).

■ This April 29, 1988 decision by the Commission, occurring nearly six months after this case was filed, is not a final "taking" within Fifth Amendment requirements. As explained by the United States Supreme Court in the case of *Williamson Planning Commission v. Hamilton Bank,* 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1984), because the Fifth Amendment proscribes takings *without just compensation,* no constitutional violation occurs until just compensation has been denied. The nature of the constitutional right therefore requires that a property owner utilize procedures for obtaining compensation before bringing a section 1983 action. If a state provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the just compensation clause until it has used the procedure and then denied just compensation. *Williamson,* at 195, 105 S.Ct. at 3121, citing *Parratt v. Taylor,* 451 U.S. 527, 101

---

3. It would appear that Plaintiff is challenging both the regulation on its face [facial challenge] and the actual application of the regulation [as applied challenge] under the Fourteenth

Amendment Due Process Clause. *See Keystone Bituminous Coal Assn. v. DeBenedictis,* 480 U.S. 470, 107 S.Ct. 1232, 94 L.Ed.2d 472 (1987).

S.Ct. 1908, 68 L.Ed.2d 420 (1981) reversed on other grounds, *Daniels v. Williams*, 474 U.S. 327, 330–331, 106 S.Ct. 662, 664–665, 88 L.Ed.2d 662 (1986); *MacDonald Sommer & Frates v. Yolo County*, 477 U.S. 340, 351, 106 S.Ct. 2561, 2567, 91 L.Ed.2d 285 (1985). There is no indication that Plaintiff attempted to recover just compensation under Pennsylvania law for inverse condemnation. *Gardner v. Allegheny County*, 382 Pa. 88, 114 A.2d 491 (1955); *In re: Application of Herman Yudacufski*, 93 Pa.Cmwlth. 148, 500 A.2d 1271 (1985); 42 Pa.Cons.Stat. § 5530; 21 Pa. Stat. §§ 1–407. Since the State action here is not "complete" until the State fails to provide adequate compensation for the alleged taking, the Petitioner's claim, construed as a taking *under the Fifth Amendment,* is premature.

■ Furthermore, Defendant Susquehanna County Planning Commission has asserted in their motion for summary judgment that the actions of the Commission in denying the development plan of the Plaintiff cannot, in and of itself, be construed as a denial of all use of Plaintiff's property. The Plaintiff presented a request to develop of 122 condominium units and has not suggested or pursued any other uses for the land. Document # 8 at 5 citing *Pennsylvania Central Transportation Co. v. New York City*, 438 U.S. 104, 98 S.Ct. 2646, 57 L.Ed.2d 631 (1978).

The Plaintiff has responded by stating that "[o]nce Plaintiff establishes that all reasonable use of the Plaintiff's property has been prevented by the Defendants, it is clear that the Plaintiff has stated a cause of action." Document # 12 at 8. According to the Plaintiff, the basis for this cause of action relates "not only to the denial of all reasonable use of Plaintiff's property, but the denial being based on illegal and invalid considerations." *Ibid.*

■ In reviewing this response in light of summary judgment standards, the Plaintiff cannot overcome this basic element of a taking claim simply by alleging as conclusory fact, that each and every principal use and each and every multiple accessory use is no longer possible so that the property retains no value. Edelweiss has failed to make a showing sufficient to establish the existence of an element essential to that party's case of which they have the burden of proof at trial—i.e. that a "taking" had occurred to destroy any reasonable property use. According to the United States Supreme Court in *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), no genuine issue as to any material fact exists upon a non-movant's complete failure of proof concerning an essential element of their cause of action. The moving party is entitled to judgment as a matter of law because the non-moving party has failed to make a significant showing on an essential element of her case with respect to which she has the burden of proof. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

According to Edelweiss, the revised plans submitted to the Commission served only to supplement and clarify its original preliminary application and did not deviate from or substantially change the overall concept presented. Doc. No. 30 at 11–13. Since the Commission rendered a decision only on Plaintiff's persistent request to construct a 122 unit condominium, the decision of the Commission leaves open the possibility that some development will be permitted, thus leaving us in doubt that Edelweiss' property has been taken. *MacDonald*, 477 U.S., at 352, 106 S.Ct. at 2567. As in the case of *Penn Central Transportation Co. v. New York City,* supra, the Court declined to find that the application of New York City's Landmark Preservation Law to Grand Central Terminal effected a taking because, although the Landmark's Preservation Committee had disapproved a plan for a 50–story office building above the terminal, the property owners had not sought approval for any other plan, and it therefore was not clear whether the Commission would deny approval for all uses that would enable the plaintiffs to derive economic benefit from the property. *See Williamson,* 473 U.S., at 187, 105 S.Ct. at 3116–3117 citing *Penn Central Transportation Co.,* 438 U.S., at 136–137, 98 S.Ct. at 2665–2666.

Although the Third Circuit has found that there is no precise formula for identifying a taking, there are several factors that have proven relevant: the public purpose for enactment of the disputed regulation; the type of governmental interference; the diminution in property value; and the extent of interference with "reasonable, distinct, investment backed expectations." It is clear, however, that governmental regulations must interfere drastically with a property's possible uses in order to be a taking. *Pace Resources, Inc. v. Shrewsbury Township,* 808 F.2d 1023 (3d Cir.1987).

■■■■ On the particular facts as presented here, although Edelweiss may have been denied the best use or uses of its land, it has not been deprived of all economic viable uses of its property. A taking through an exercise of the police power occurs only when the regulation "has nearly the same effect as the complete destruction of (the property) rights" of the owner. *Pace Resources, Inc. v. Shrewsbury Township,* 808 F.2d 1023, 1031 (3d Cir.1987) citing *Rogin v. Bensalem Township,* 616 F.2d 680, 692 (3d Cir.1980), cert. denied, 450 U.S. 1029, 101 S.Ct. 1737, 68 L.Ed.2d 223 (1981). A governmental entity is not required to permit a landowner to develop property to the fullest extent he may desire or be charged with an unconstitutional taking of the property. As presented, the refusal of the Defendants to permit the intensive development desired by the landowner does not preclude less intensive, but still valuable development. *MacDonald,* at 347, 106 S.Ct. at 2565.

In the instant suit, the Plaintiffs have pleaded that the disapproved preliminary plan was not a substantial deviation from its initial submission in August of 1987. The Defendants have motioned this Court for summary judgment on the basis that the plan denial was not a taking within the magnitude to state a constitutional deprivation. We shall grant summary judgment in favor of the Defendants as to any Fifth Amendment basis of a taking in that (1) Plaintiff failed to pursue a request for just compensation; (2) Plaintiff has failed to show that the denial of the preliminary plan has caused a loss of all substantial economic viable use of the property which constitutes a "taking" under the Fifth Amendment. The latter reason for granting judgment in favor of the Defendants is based on the fact that the Defendants failed to sustain their burden of proof in their opposition to the Defendants' motion for summary judgment on this matter.

IV.

■■■ Under a due process theory, when as a result of government actions the diminution in the value of property has reached a "certain magnitude," the Court has held that compensatory damages may be paid. *Williamson Planning Commission v. Hamilton Bank,* 473 U.S. 172, 197–200, 105 S.Ct. 3108, 3122–3123, 87 L.Ed.2d 126; *Pennsylvania Coal Co. v. Mahon,* 260 U.S. 393, 413, 43 S.Ct. 158, 159, 67 L.Ed. 322 (1922); *Rogin v. Bensalem Township,* 616 F.2d 680, 691–692 (3d Cir.1980). In the instant case, Plaintiff's would challenge the County Ordinance as "going too far" since it has the same effect as a taking by the imposition of improper zoning requirements and therefore is an invalid exercise of the police power, violative of the Due Process Clause of the Fourteenth Amendment. Should the government wish to accomplish the goals of such regulation, it must proceed through the exercise of its eminent domain power, and, of course, pay just compensation for any property taken. The remedy for a regulation that goes too far, under the due process theory, is not "just compensation," but invalidation of the regulation, and if authorized and appropriate, actual damages. *Williamson,* 473 U.S. at 197, 105 S.Ct. at 3122.

The notion that excessive regulation can constitute a "taking" stems from language in *Pennsylvania Coal Co. v. Mahon,* 260 U.S. 393, 43 S.Ct. 158, 67 L.Ed. 322 (1922) and developed in *Williamson Planning Commission v. Hamilton Bank,* 473 U.S. 172, 197–200, 105 S.Ct. 3108, 3122–3123, 87 L.Ed.2d 126 and *Keystone Bituminous Coal Ass'n v. Duncan,* 480 U.S. 470, 107 S.Ct. 1232, 94 L.Ed.2d 472 (1987).

Writing for the *Pennsylvania Coal* Court, Justice Holmes stated: "The general rule at least is, that while property may be regulated to a certain extent, if regulation goes too far it will be recognized as a taking." 260 U.S., at 415, 43 S.Ct. at 160.

In *Pennsylvania Coal*, the Court framed the question presented in terms of "whether the police power can be stretched so far" as to constitute a "taking" by the destruction of property rights. Although this Court acknowledges that land regulations can result in the destruction of property interests, there has been no evidence that such a taking of the magnitude requiring federal judicial intervention has been demonstrated here. *See Williamson*, 473 U.S., at 198–199, 105 S.Ct. at 3122–3123 quoting *Pennsylvania Coal*, 260 U.S., at 413, 43 S.Ct. at 159.

As stressed by the Third Circuit in *Rogin v. Bensalem Township*, 616 F.2d 680, 692 (3d Cir.1980), although it has never attempted to delineate what constitutes a "certain magnitude," the Supreme Court has required compensation only in cases in which the value of the property was reduced drastically. In *Penn Central Transportation Co. v. New York City*, 438 U.S. 104, 98 S.Ct. 2646, 57 L.Ed.2d 631 (1978), the Court sustained the application of the Landmarks Preservation Law despite the fact that the legislation denied the claimants income that would have been generated by a fifty-five story office building in midtown Manhattan. The Court also cited approvingly cases in which the challenged law had reduced the value of the land by as much as seventy-five and eighty-seven percent. *Rogin*, supra, at 962.

In the face of the Defendants motion for summary judgment challenging the "taking element", Plaintiff has failed to show that a property interest had been destroyed by the loss of all reasonable economic use of the land. This is of particular significance since the Plaintiff asserts that only one development plan had been presented to the Commission and continually rejected. *See Penn Central*, 438 U.S. 104, 98 S.Ct. 2646, 57 L.Ed.2d 631 (1978) (Fifth and Fourteenth Amendment challenge to Land-

mark Preservation Law rejected since property owners submission of one plan to Commission did not clearly evidence a taking); *See also, Williamson*, 473 U.S., at 187, 105 S.Ct. at 3116–3117; *Pace Resources, Inc. v. Shrewsbury Township*, 808 F.2d 1023 (3d Cir.1987) (Plaintiff sought relief because it was denied the most desirable use of its land, not because it has been denied all use of its property); *MacDonald*, 477 U.S., at 347, 106 S.Ct. at 2565, citing the California Court of Appeals (A governmental entity is not required to permit a landowner to develop property to [the] full extent he might desire or be charged with an unconstitutional taking of the property ... the refusal of the defendants to permit the intensive development desired by the landowner does not preclude less intensive, but still valuable development).

Furthermore, the Third Circuit has stated in *Pace*, supra, at 1034, the test for determining whether a law comports with substantive due process is whether the law is rationally related to a legitimate state interest. The law need not be in every respect logically consistent with its aims to be constitutional. It is enough that there is an evil at hand for correction, and that it might be thought that the particular legislative measure was a rational way to correct it. *Pace*, supra, at 1034 quoting *Rogin v. Bensalem Township*, 616 F.2d 680 at 689. The Defendants' attempts to regulate land development is a legitimate aim, however, whether they have authority under Pennsylvania law to enact such restrictions as they have done here is not a matter for the federal judiciary in an analysis of a "taking" claim. This is a dispute best handled by the state court procedure outlined in the Municipalities Planning Code of Pennsylvania. Pennsylvania Municipalities Planning Code Act, 247 (as amended), Article 10, Sections 1004–1007, 53 P.S. Sections 11004–11007. Although the Petitioner believes that he has no recourse except an appeal to the courts, it is clear from the Susquehanna County Planning Commission Ordinance and the Municipalities Planning Code of Pennsylvania that appropriate appellate procedures to the Court of Common Pleas have been provided for challenging

the validity and application of a regulation.[4] Susquehanna County Subdivision and Land Development Ordinance, Section 1003.01–1003.02(1), (2); the Pennsylvania Municipalities Planning Code Act, 247 (as amended), Article 10, Sections 1004–1007, 53 P.S.Sections 11004–11007.

The Defendants certainly have a legitimate interest in regulating land development. There is no indication that the County is not acting to protect the public interest in health, the environment, and the fiscal integrity of the area and its governmental units. Whether they exceeded their authority though misinterpretation or invalid enactment procedures under the Municipalities Planning Code is a matter of state law, not federal constitutional law based on a Section 1983 claim. In order for this court to find a "taking" under the Due Process Clause, the application of the regulation is of major concern, not a collateral attack on the validity of the procedures used to enact the regulation. A misinterpretation or invalid enactment of a regulation is of state concern, but if those regulations, either facially or as applied, result in a "taking" by the total loss of reasonable land usage, that is the concern addressed by this court. The facts presented here, however, demonstrate no "taking" which results in the same effect as an appropriation of the property through eminent domain or physical possession. *Williamson Planning Commission*, 473 U.S., at 199, 105 S.Ct. at 3123 (1984).

Although the Plaintiff has not specifically cited a particular section of the County ordinance that goes too far in the exercise of police power, Edelweiss has attempted to categorize all of the Commission's objections under three headings: (1) the Planning Commission has rejected Plaintiff's land development on the basis that Plaintiff is unable to obtain the endorsement of Township officials; (2) the Planning Commission has rejected Plaintiff's development plan on the basis that the property is located in an objectionable area; and (3) the Planning Commission has applied minimum lot size requirements to the property.

An examination of the Commission's April 29, 1988 denial of the preliminary fixed revised plan, cites twenty-one preliminary plan defects from the requirements of the Susquehanna County Subdivision and Land Development Ordinance which caused the Commission denial of the developer's request. Many of the cited deficiencies lie in a disputed interpretation of the ordinance between the parties, not a constitutional deprivation to be considered in federal court. Rather, issues as to whether a homeowner's association organization and its by-laws need to be represented, pedestrian safety requirements, conformity to the Township's official water waste plan and comprehensive plan, among other considerations raised by the Commission are issues of interpretation and not a question of substantive or procedural due process properly before the Federal Court.

These matters do not rise to the level of a constitutional deprivation, but rather, should be addressed by the appropriate state authorities designated by the Susquehanna Ordinance and the Pennsylvania Municipalities Planning Code to hear such appeals. Plaintiff's claim comes down to the fact that even if the regulations imposed constitute de facto zoning, there is no indication that these "zoning" restrictions resulted in a "taking"—i.e., the effect of the complete destruction of the property rights of the owner. *Pace*, supra, at 1033 citing *Keystone Bituminous Coal Ass'n v. Duncan*, 771 F.2d 707 (3d Cir.1985), affirmed, 480 U.S. 470, 107 S.Ct. 1232, 94 L.Ed.2d 472 (1987).

Whether these regulations constitute de facto zoning, if the Commission exceeded its statutory authority under the Municipalities Planning Code (MPC) in enacting these provisions, and whether the procedures for the institution of zoning regula-

---

4. This is not to be interpreted as an exhaustion requirement, but rather the issue of what subject matter a county may regulate as authorized by the Pennsylvania Municipalities Planning Code is of state concern. The overall impact [facial challenge] and application [as applies challenge] is of federal concern. *See Keystone*, 480 U.S. 470, 107 S.Ct. 1232, 94 L.Ed.2d 472 (1987).

tions has been or needs to be utilized here, are questions not of federal constitutional law, but rather of state law with clear procedures for review provided by the Ordinance and the Municipalities Planning Code (MPC).

In light of the above, an appropriate Order granting summary judgment in favor of the Defendants is attached.

## ORDER

NOW, THIS 30th DAY OF NOVEMBER, 1988, in accordance with the Memorandum attached, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion to amend the complaint to add a pendent state claim is denied.

2. Plaintiff's motion for summary judgment is moot in light of our denial of the pending motion to amend.

3. Summary judgment is entered in favor of the Defendants and against the Plaintiff.

4. The Clerk of Courts is directed to close this file.