562 A.2d 424

COMMONWEALTH of Pennsylvania, DEPARTMENT OF
TRANSPORTATION, Appellant,

v.

Herman YUDACUFSKI, Appellee.

Commonwealth Court of Pennsylvania.

Argued April 3, 1989.
Decided July 24, 1989.

William J. Cressler, Asst. Counsel, with him, John L. Heaton, Chief Counsel, Harrisburg, for appellant.

Lewis Kates, Kates & Mazzocone, Philadelphia, for appellee.

Before CRAIG and BARRY, JJ., and KALISH, Senior Judge.

## OPINION

BARRY, Judge.

We are presented with yet another chapter of a legal saga which has been ongoing for more than a score. This Court has published three opinions concerning the dispute between Herman Yudacufski, the condemnee and the Department of Transportation (DOT), the condemnor. *Yudacufski Appeal*, 93 Pa.Commonwealth Ct. 148, 500 A.2d 1271 (1985) (*Yudacufski III*); *Department of Transportation v. Yudacufski*, 83 Pa.Commonwealth Ct. 609, 479 A.2d 635 (1984); *Yudacufski v. Department of Transportation*, 54 Pa.Commonwealth Ct. 448, 422 A.2d 1181 (1980) (*Yudacufski I*). The Supreme court accepted allocatur on the oldest

of these cases and that court's order directing the Court of Common Pleas of Schuylkill County to grant Yudacufski's petition for change of venue is involved in this appeal. *Yudacufski v. Department of Transportation,* 499 Pa. 605, 454 A.2d 923 (1982) (*Yudacufski II*).

The factual history is set forth in those opinions. A brief discussion of the facts is nonetheless necessary. DOT condemned two tracts of Yudacufski's land in the mid 1960's. Yudacufski commenced actions to recover for the surface rights taken. In 1971, he sought the appointment of a State Mining Commission (Commission) [1] to seek compensation for subsurface coal rights involved. Those petitions were docketed at the same terms and numbers as the two eminent domain cases. The court in Schuylkill County convened a Commission on July 15, 1971. Shortly thereafter, Yudacufski designated his representative to that five person body but none of the Commission's representatives from the Public Utility Commission, the Secretary of Mining and DOT were ever named. [2] Nothing more was done with regard to the Commission for some time thereafter.

In the meantime, trial on the eminent domain claims was held in Schuylkill County. Yudacufski appealed to this Court and we affirmed. *Yudacufski I.* As already mentioned, the Supreme Court reversed and directed that the Schuylkill County court grant Yudacufski's petition for a change of venue. *Yudacufski II.* Shortly after that opinion was filed, the Supreme Court ordered that "the trial of said case be transferred to Delaware County...."

Backing up again as we must, Yudacufski filed a second application seeking to convene a State Mining Commission in 1982 in Schuylkill County. The court denied that application and Yudacufski sought our review. We affirmed, holding that this application was filed well beyond the six year statute of limitations contained in 42 Pa. C.S. § 5527

1. State Mining Commissions are established by the Act of June 1, 1933, P.L. 1409, *as amended,* 52 P.S. §§ 1501–1507.

2. The Legislature provided that the President Judge of the court of common pleas where the land is situated is the chairman of the Commission.

and its predecessor. *Yudacufski III.* We concluded that opinion by stating, "[I]f [Yudacufski] is to recover at all for the subsurface coal taken, he must do it under the initial application which is evidently still pending." *Id.*, 93 Pa. Commonwealth Ct. at 152, 500 A.2d at 1273.

Sometime after the application for a second Commission had been filed, Yudacufski also filed a petition to reconvene the *initial* Commission. Before that matter could be acted upon, however, venue was changed by the Supreme Court.

After venue had been transferred to Delaware County, the eminent domain case was eventually tried and a jury awarded Yudacufski over $800,000.00 for the surface rights taken. While the case was being tried, Yudacufski requested that the initial Commission be reconstituted. DOT filed a motion to strike the request. Following a hearing, the judge who heard the surface case ordered that the Commission be reconstituted and dismissed DOT's motion to strike. The court then amended that order to state that the motion to strike presented a substantial issue of jurisdiction, thereby allowing DOT to file an immediate appeal under Pa. R.A.P. 311(b)(2).[3] Yudacufski filed a motion to quash the appeal which was denied by Senior Judge William Lipsitt of this Court. Following oral argument, the matter is ready for our disposition.

■ DOT raises two issues on this appeal, neither of which merits reversal of the order of the court below. DOT first argues that the Supreme Court order changing venue affected only the surface aspect of the case and had no bearing on the proceedings relating to the Commission. We do not agree.

As the court below aptly recognized, this question is a simple one. The proceedings relating to the Commission were filed and docketed in Schuylkill County at the same term and number as the eminent domain case dealing with the surface rights. DOT argues that this should not matter and points to the fact that the petition for convening the

---

**3.** The surface case has been settled and satisfied, thereby leaving only the question of the subsurface remaining.

second Commission which was the subject of *Yudacufski III* was filed at a different term and number. Be that as it may, there is no question that this petition was filed and docketed at a term and number which was subject to a change of venue order. That order changing venue has the effect of transferring the *entire case*. While we recognize that the Supreme Court's order spoke of the "trial" of the case, we cannot see how anything remained in Schuylkill County after venue had been changed.

DOT next argues that, even if venue lies in Delaware County, the court erred in failing to grant its motion for a non pros because of Yudacufski's inaction with regard to the Commission. Our scope of review on this question is limited to determining whether the court abused its discretion. *Supplee v. Department of Transportation,* 105 Pa. Commonwealth Ct. 488, 524 A.2d 1002 (1987). In deciding not to grant the non pros, the court stated:

> While we are concerned with the amount of time that has passed, we see no prejudice to the Commonwealth. The petition involves the value of the mineral below the highway. The highway has not changed. The same support for the highway when it was first built exists today. the Commonwealth has the ability to take test borings to determine the subsoils and minerals. The maps that were drawn up when the highway was built were in the possession of the Commonwealth. They cannot now blame the Plaintiff if the Commonwealth has lost or misplaced the maps. We are cognizant of the fact that many of the Commonwealth's original witnesses are now deceased; however, the Commonwealth has the ability to reconstruct all the necessary evidence to adequately defend the case.

(Opinion of Diggins, J., 9/19/88, pp. 6–7). We are unwilling to say that the court abused its discretion in reasoning thus to support its ruling.

Another ground exists, in our view, for affirming the court on this issue. A party is entitled to a non pros for lack of prosecution when the other side has caused a delay

which results in prejudice to the party seeking dismissal. *James Brothers Lumber Co. v. Union Banking & Trust Co. of DuBois*, 432 Pa. 129, 247 A.2d 587 (1968). Here the trial court found that no prejudice existed. We are not certain that the question of prejudice need be reached because the Commonwealth was at least equally responsible for the delay in this case. The act authorizing the establishment of Commissions requires that each party designate its representative. Section 1 of the Act of June 1, 1933, 52 P.S. § 1501. Here, Yudacufski designated his representative shortly after the 1971 order of the Schuylkill County court which permitted the Commission to be established. *DOT, to this day, has never designated its representative.* We believe DOT's argument that Yudacufski is solely responsible for the delay is incongruous. For either this reason or the reason relied upon by the trial court, DOT's argument must be rejected.

## ORDER

NOW, July 24, 1989, the orders of the Court of Common Pleas of Delaware County at No. 83–3309, dated September 19, 1988 and the amending order dated October 20, 1988, are hereby affirmed.