718 A.2d 273

**Carol M. CAPTLINE and Equibank, N.A., as Co–executors of the Estate of Mike Mazzaro, Appellants,**

v.

**COUNTY OF ALLEGHENY, Appellee.**

Supreme Court of Pennsylvania.

Argued March 11, 1998.

Decided Sept. 30, 1998.

Louis J. Kober, II, Greensburg, for Captline and Equibank.

Michael G. McCabe, Michael K. Parrish, Pittsburgh, for Allegheny County.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## *OPINION*

ZAPPALA, Justice.

This appeal raises the issue of whether the principles governing the dismissal of civil cases for lack of prosecution apply to proceedings under the Eminent Domain Code. For the reasons that follow, we hold that such principles apply to claims alleging a *de facto* taking.

Appellants, Carol M. Captline and Equibank, N.A., are co-executors of the Estate of Mike Mazzaro. Since the 1960's, Mazzaro owned 105 acres of land in Findlay Township, Allegheny County. The property was used as a landfill until the early 1970's when the County of Allegheny directed Mazzaro to cease landfill operations due to its inclusion of the property in the Greater Pittsburgh Airport expansion area.

On July 31, 1980, Mazzaro filed a Petition for the Appointment of Viewers, contending that there had been a *de facto* taking of the property on October 1, 1974. The County filed preliminary objections, wherein it asserted that it did not deprive Mazzaro of the use and enjoyment of the property and alleged that the action was precluded by the doctrine of laches and the statute of limitations. For whatever reason, the County's preliminary objections were never ruled upon. No activity in the case was recorded from July 1981, until October 1994, when Mazzaro's current counsel entered his appearance.

On June 12, 1995, the County filed a Petition to Non Pros. The common pleas court granted the County's petition and subsequently denied Mazzaro's Petition to Open Judgment. The Commonwealth Court affirmed. The court relied on *Supplee v. Department of Transportation*, 105 Pa.Cmwlth. 488, 524 A.2d 1002 (Pa.Cmwlth.), *alloc. denied*, 515 Pa. 626, 531 A.2d 433 (1987), and *Sporer v. Department of Transportation*, 122 Pa.Cmwlth. 263, 552 A.2d 313 (Pa.Cmwlth.1988), for the proposition that a *non pros* may be entered in a case alleging a *de facto* taking. Applying our decision in *Penn Piping, Inc. v. Insurance Company of North America*, 529 Pa. 350, 603 A.2d 1006 (1992),[1] the court found that Mazzaro offered no reasonable excuse for the lengthy delay in prosecution and presumed that the County was prejudiced by the excessive delay. It also held that Mazzaro's due process rights were not violated by the entry of the *non pros*.

■ The question of whether to grant a judgment of *non pros* due to the plaintiff's failure to prosecute his action within a reasonable time is within the discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *Jacobs v. Halloran*, 551 Pa. 350, 710 A.2d 1098(1998). In *Jacobs*, we recognized that the two year presumption of prejudice adopted in *Penn Piping* had become unworkable.

**1.** In *Penn Piping,* we held that a court may enter a judgment of non pros when a party to the proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude, there has been no compelling reason for the delay, and the adverse party has suffered prejudice by the delay of the case; prejudice is presumed after two years of inactivity.

As a result, we returned to the test set forth in *James Brothers Company v. Union Banking and Trust Company of DuBois*, 432 Pa. 129, 132, 247 A.2d 587, 589 (1968), which required the showing of actual prejudice to the defendants from the delay in prosecution. Accordingly, we held:

> To dismiss a case for inactivity pursuant to a defendant's motion for *non pros* there must first be a lack of due diligence on the part of the plaintiff in failing to proceed with reasonable promptitude. Second, the plaintiff must have no compelling reason for the delay. Finally, the delay must cause *actual* prejudice to the defendant.

*Id.*, at 358, 710 A.2d at 1103 (emphasis supplied).

■ Appellants contend, however, that *non pros* principles do not apply to a proceeding under the Eminent Domain Code (Code). They rely on section 1–103, which states that the Code provides the "complete and exclusive procedure and law to govern all condemnations of property for public purposes and the assessment of damages." 26 P.S. § 1–303. They contend that there are no provisions in the Code which provide for the dismissal of an action for inactivity. Appellants further assert that the entry of *non pros* prior to the expiration of the twenty-year statute of limitations in eminent domain cases violates their due process rights. They submit that since the legislature placed no time constraint on the adjudication of an eminent domain case, the judiciary should not do so.

The County contends that *de facto* taking actions, like other civil actions, are subject to dismissal for failure to prosecute, citing Commonwealth Court cases to that effect. The County also argues that the grant of *non pros* does not violate Appellants' right to due process as Appellants were given the opportunity to be heard, but simply failed to pursue it. The County concludes that the common pleas court did not abuse its discretion in entering the *non pros* since Appellants offered no reasonable excuse for the fourteen year delay in docket activity and it was prejudiced by that delay.

The County is correct in arguing that eminent domain cases have been dismissed for lack of prosecution. In *Supplee v. Commonwealth of Pennsylvania*, the common pleas court dismissed the appellants' petition for the appointment of a board of viewers on the ground that no action was taken on the petition for almost ten years. The Commonwealth Court affirmed, finding no abuse of discretion. The court applied the accepted principles for terminations for inactivity and concluded that no compelling reason for the delay existed. It further determined that the Commonwealth's ability to present its case was prejudiced by the appellants' lengthy delay in moving the case forward. Thus, the court implicitly recognized the ability to *non pros* a case proceeding under the Eminent Domain Code.

The Commonwealth Court squarely addressed the issue, however, in *Sporer v. Commonwealth of Pennsylvania*. There, the appellants filed a petition for the appointment of a board of viewers, alleging a taking as a result of the revocation of permits allowing the construction of billboards on certain property. The Department of Transportation (DOT) filed preliminary objections, which were never ruled upon. DOT later filed a motion to dismiss based on a three year period of inactivity, wherein it alleged that it was prejudiced by the appellants' delay in prosecution.

The common pleas court granted DOT's motion and dismissed the action with prejudice. On appeal, the appellants contended that the entry of non pros after three years of inactivity was improper considering the fact that *de facto* condemnation proceedings have a statute of limitations of six years. The Commonwealth Court rejected this argument, holding that although statutes of limitations may be a consideration in determining the appropriateness of a *non pros*, they are not controlling since a *non pros* is premised upon the equitable principle of laches. The court also rejected the appellants' claim that the delay was caused by DOT's preliminary objections or the failure of the common pleas court to rule thereon. The court concluded that the appellants had the

duty to proceed with their action and bore the risk of not acting within a reasonable time.

Principles of *non pros* were also applied in an eminent domain proceeding in *Commonwealth of Pennsylvania, Department of Transportation v. Yudacufski,* 127 Pa.Cmwlth. 564, 562 A.2d 424 (Pa.Cmwlth.1989). The Commonwealth Court there examined whether the common pleas court erred in failing to grant a motion for *non pros*. The court found no abuse of discretion because the Commonwealth had contributed to the delay in prosecution and was not prejudiced thereby.

We find that the Commonwealth Court's decisions were properly resolved. The fact that the Eminent Domain Code does not expressly address dismissals for inactivity does not preclude the court from exercising its inherent power to remove stale cases from its docket. This power originated in common law, prior to the passage of any statute. *Waring v. The Pennsylvania Railroad Company,* 176 Pa. 172, 35 A. 106 (1896). The court's ability to enter a *non pros* is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the common pleas court calendar. *See Link v. Wabash Railroad Company,* 370 U.S. 626, 630–631, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962) (authority of a court to dismiss for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases).

■ We further hold that the common pleas court's entry of *non pros* does not violate Appellants' right to due process. Due process requires only that a party be provided an opportunity to be heard; it does not confer an absolute right to be heard. *Goetz v. Department of Environmental Resources,* 149 Pa.Cmwlth. 230, 613 A.2d 65 (Pa.Cmwlth.1992); *Commonwealth v. Derry Township,* 10 Pa.Cmwlth. 619, 314 A.2d 868, (Pa.Cmwlth.1973), *affirmed,* 466 Pa. 31, 351 A.2d 606 (1976). Here, Appellants had the occasion to be heard, but failed to

take advantage of such opportunity for over ten years. To now claim they were denied due process is disingenuous.

■ Having determined that *de facto* taking claims are subject to dismissal for lack of prosecution, we must now decide whether the common pleas court abused its discretion in granting the County's motion for *non pros*. The common pleas court found that the record establishes an "extremely lengthy" delay for which Appellants offered no reasonable excuse. It recognized that either party could have arranged for a hearing on the County's preliminary objections, but held that it was Appellants' responsibility to pursue their cause of action in a diligent manner. The court presumed that the County was prejudiced by the delay, but did not make a specific finding of actual prejudice.

We agree that Appellants failed to act with reasonable promptitude and failed to offer a compelling reason for the delay. Our decision in *Jacobs*, however, requires a finding of *actual* prejudice. The County offers several examples of how it was prejudiced by Appellants' delay in prosecution. However, because it is a function of the common pleas court to make such a determination, a remand is necessary. See *Jacobs*, 551 Pa. at 358–60, 710 A.2d at 1103 (determination of actual prejudice is to be made by the trial court, whose discretion will not be disturbed absent an abuse of discretion).

Accordingly, we remand this case to the common pleas court for a determination of whether the County was prejudiced by Appellant's delay in prosecution.