**In re: CONDEMNATION OF LAND AT REAR OF 700 SUMMIT AVENUE JENKINTOWN PENNSYLVANIA.**

**Appeal of: Borough of Jenkintown.**

Commonwealth Court of Pennsylvania.

Argued June 20, 2014.

Decided July 7, 2014.

Sean P. Kilkenny, Jenkintown, for appellant.

David B. Snyder, Philadelphia, for appellee Salem Baptist Church of Jenkintown.

BEFORE: DAN PELLEGRINI, President Judge, and P. KEVIN BROBSON, Judge, and ANNE E. COVEY, Judge.

OPINION BY President Judge PELLEGRINI.

The Borough of Jenkintown (Borough) appeals the order of the Court of Common Pleas of Montgomery County (trial court) overruling the Borough's preliminary objections to the Salem Baptist Church of Jenkintown (Church)'s petition for appointment of a board of viewers (petition), holding that the petition was not barred by the statute of limitations under the Eminent Domain Code (Code)[1] or by the doctrine of laches. For the reasons that follow, we affirm.

## I.

In February 1998, the Borough filed a Declaration of Taking (Declaration) in the trial court, condemning a portion of the property owned by the Church at 700 Summit Avenue, Jenkintown, Pennsylvania, including a driveway which provided vehicular access to the rear of the Church's property. The Church filed preliminary objections to the Declaration[2] and the Borough subsequently took pos-

---

[1]. 26 Pa.C.S. §§ 101–1106.

[2]. The preliminary objections asserted that: (1) condemnation of the Church's driveway constituted a *de facto* taking of the remaining property because it denied the Church vehicular access to its property; (2) the ordinance under which the Borough filed the taking was invalid because it was not advertised properly; (3) the Borough's notice of intent to adopt the ordinance was defective because it failed to accurately describe the property being con-

session of the property. On June 7, 2000, the Borough tendered payment of estimated just compensation (EJC) in the amount of $38,340.00 based upon calculations performed by its certified appraiser. The cover letter accompanying the Borough's check stated:

Jenkintown Boroughs [sic] appraiser, Teresa Hoberg, has advised the borough that the estimated value of the land condemned is $38,340, and I enclose a borough check made payable to Salem Baptist Church in that amount. This price assumes the grant of an easement by the borough to the church.

(R.R. at 133a.) Roy Yaffe, Esquire, counsel for the Church, returned the check, responding:

Despite the fact that the Borough's estimated value of the land condemned is drastically inadequate and significantly under values the damages sustained by the Salem Baptist Church, the tender and acceptance of payment of just compensation is inappropriate under the Eminent Domain Code until Condemnee's Preliminary Objections are adjudicated. My reading of the Code indicates that until the Court rules that Ordinance 97–2 was validly enacted and that the Declaration of Taking and these

condemnation proceedings are valid and proper, no tender of just compensation should be made.

(R.R. at 137a.)

To allow for negotiation, a stipulation and order were entered, providing that the preliminary objections to the Declaration "be removed from the argument court list without prejudice to the right of either party to order the placement of the preliminary objections back on to the argument court list at any time in the future." (R.R. at 46a.) While the preliminary objections remained pending, the Church constructed a Family Life Center (Center) abutting the condemned property. Subsequently, the Borough granted to the Church and recorded a nonexclusive easement over the driveway.

## II.

In May 2013, the Church withdrew its preliminary objections and filed a petition under Section 502(a) of the Code,[3] seeking a determination of just compensation for the Borough's taking. The Borough filed preliminary objections to the petition, claiming that it was barred by the six-year statute of limitations under Section 5527(a)(1)(i) of the Judicial Code[4] and by the doctrine of laches.[5] Following a hear-

---

demned; and (4) the Declaration was defective because it failed to identify all record owners of the condemned property. (Reproduced Record [R.R.] at 22a–33a.)

3. Section 502 of the Code enables a condemnee to file a petition requesting the appointment of viewers to ascertain just compensation for the property taken as described in a declaration of taking. 26 Pa.C.S. § 502.

4. Section 5527(a)(1)(i) of the Judicial Code states:

If a condemnor has filed a declaration of taking, a petition for the appointment of viewers for the assessment of damages under 26 Pa.C.S. (relating to eminent domain) must be filed within six years from the date

on which the condemnor first made payment in accordance with 26 Pa.C.S. § 307(a) or (b) (relating to possession, right of entry and payment of compensation).

42 Pa.C.S. § 5527(a)(1)(i).

5. After the Church filed its petition, the Borough requested from Ms. Hoberg her appraisal report that corresponded with her 2000 estimate, but it was no longer in her possession. In the absence of a report, the Church has averred that Ms. Hoberg initially determined the EJC to be $96,640.00 in the event that an easement was not provided to the Church. (R.R. at 1062a.) The Borough located an additional appraisal from 2010, retrospectively estimating damages at $192,000.00. (Resp. of Condemnor, Jenkin-

ing, the trial court overruled the Borough's preliminary objections, finding that the statute of limitations did not commence when the Borough made its offer of payment because the offer did not comply with Section 307(a) of the Code since it was discounted by the false assumption that the Borough reserved an access easement for the Church in the Declaration when it did not. The trial court also determined that under Section 504(a)(1) of the Code,[6] the Church was not permitted to file its petition until its preliminary objections were resolved, and, therefore, the statute of limitations did not run while the objections were pending. Regarding the doctrine of laches, the trial court held that the Borough sustained no prejudice because it already obtained retrospective appraisals, and it shared responsibility for the delay because it, too, failed to dispose of the Church's preliminary objections. The trial court noted that the doctrine of laches, which is premised upon equitable principles, should not be applied to allow the Borough to seize a portion of the Church's property without paying for it. Raising the same issues it did below, the Borough filed the instant appeal.[7]

### III.

On appeal, the Borough contends that the six-year statute of limitations com-menced in June 2000 when the Borough "first made payment in accordance with 26 Pa.C.S. § 307(a) or (b)," when it tendered payment to the Church. Section 5527(a)(1)(i) of the Judicial Code, 42 Pa. C.S. § 5527(a)(1)(i). Conversely, the Church argues that Section 5527(a)(1)(i) of the Judicial Code requires *actual* payment to it or into court, not merely tendered payment. 42 Pa.C.S. § 5527(a)(1)(i).

██ Section 5527(a)(1)(i) of the Judicial Code specifies that the six-year statute of limitations commences on the date "on which the condemnor first made payment in accordance with 26 Pa.C.S. § 307(a) or (b) (relating to possession, right of entry and payment of compensation)." 42 Pa. C.S. § 5527(a)(1)(i). In turn, Section 307(a)(1)(i) of the Code provides, "The condemnor, after the expiration of the time for filing preliminary objections by the condemnee to the declaration of taking, shall be entitled to possession or right of entry upon payment of or a written offer to pay to the condemnee the amount of just compensation as estimated by the condemnor." 26 Pa.C.S. § 307(a)(1)(i).[8] In this way, Section 307(a)(1)(i) clearly distinguishes between "payment," which is required to trigger the statute of limitations,

---

town Borough, to Interrogs. and Req. for Produc. of Docs. of Condemnee, Salem Baptist Church, Ex. D, at 3.) Also, in 2013, the Borough obtained another retrospective appraisal which estimated damages at $250,000.00 without an easement and $190,000.00 with an easement. (R.R. at 1065a.)

**6.** Section 504(a)(1) of the Code provides, "Upon the filing of a petition for the appointment of viewers, the court, unless preliminary objections to the validity of the condemnation or jurisdiction warranting delay are pending, shall promptly appoint three viewers who shall view the premises, hold hearings and file a report." 26 Pa.C.S. § 504(a)(1).

**7.** Our review of the trial court's order overruling the preliminary objections is limited to determining whether the trial court committed an error of law or an abuse of discretion and whether any necessary findings of fact are supported by substantial, competent evidence. *See In re Condemnation of a Permanent Right–of–Way*, 873 A.2d 14, 16 n. 1 (Pa. Cmwlth.2005).

**8.** Section 307(b) of the Code is inapplicable because the Church did not tender possession or right of entry of its property.

and "a written offer to pay." Because the Borough failed to effectuate "payment" as per the Code, the statute of limitations did not commence.[9] Because we find that the statute of limitations did not commence, we need not address the parties' additional arguments regarding tolling during the pendency of the Church's preliminary objections.[10]

## IV.

Finally, the Borough argues that even if the Church's petition is not barred by the statute of limitations, it is barred by the doctrine of laches[11] because the petition was not filed until 15 years after the taking. The Borough further argues that it has sustained prejudice because it cannot now, after the new Center was constructed and after its 2000 appraisal has been misplaced, determine the amount of EJC actually due to the Church. Finding that the Borough has failed to demonstrate prejudice, we reject these contentions.

First, the length of time that passed before the filing was not due to a lack of due diligence on the part of the Church, but both parties' failure to place preliminary objections on the argument list and the Borough's failure to pay EJC into court, which triggers the commencement of the six-year statute for filing a petition for the appointment of viewers. Second, the fact that the Borough and/or its certified appraiser, Ms. Hoberg, misplaced the 2000 appraisal report is insufficient to demonstrate prejudice to the Borough. *See Commonwealth v. Yudacufski,* 127 Pa.Cmwlth. 564, 562 A.2d 424, 426–27 (1989) ("The maps that were drawn up

---

9. We note that the Borough could have sought to pay the EJC into the court. *See* Section 307(a)(1)(iii)-(iv) of the Code, 26 Pa. C.S. § 307(a)(1)(iii)-(iv).

10. Although we agree with the trial court's finding that the statute of limitations was not triggered, we disagree with its rationale that the Borough's discounted offer was made in bad faith in violation of Section 307(a)(1)(i) of the Code. As this Court has previously explained:

> Bad faith implies a tainted or fraudulent motive and it is palpable when it is readily perceived.... Hence, it is said that one relying on fraud (or its kin, bad faith) must prove it by clear, precise and indubitable evidence that is, by credible witnesses testifying with detail to distinctly remembered facts.

*In re Condemnation by City of Philadelphia of Leasehold of Airportels, Inc.,* 40 Pa.Cmwlth. 409, 398 A.2d 224, 226 (1979).

The trial court's finding of bad faith was based solely upon its observation that the Borough's offer did not comply with Section 307(a) of the Code and was not premised upon any finding of taint or fraudulent motive. (R.R. at 1078a ("A proffered easement may not be considered in estimating just compensation. *Id.* at 428, 398 A.2d 224. Therefore, by definition, the amount of the check could not be a good faith estimate of the just compensation owed to the Church for the taking. Accordingly, the forwarding of the check could not cause the statute of limitations to begin to run.")). However, it is well settled that mere mistake does not equate to bad faith; indeed, bad faith requires a tainted or fraudulent motive, which the trial court did not find at all, let alone by clear, precise and indubitable evidence. *In re Condemnation by City of Philadelphia of Leasehold of Airportels, Inc.,* 398 A.2d at 226; *see also Redevelopment Authority of City of Wilkes–Barre v. Serafin,* 44 Pa.Cmwlth. 463, 465, 404 A.2d 440 (1979) (holding that condemnees did not allege fraud or bad faith when they asserted only that the condemnor did not act "in compliance with the Code" and did not consider "all of the elements of damages which the Code defines as being just compensation").

11. "[A]pplication of laches requires the party asserting it to establish two elements: (1) a delay arising from the complaining party's failure to exercise due diligence and (2) prejudice to the asserting party resulting from the delay." *Koter v. Cosgrove,* 844 A.2d 29, 34 (Pa.Cmwlth.2004), *appeal denied,* 579 Pa. 713, 858 A.2d 111 (2004).

when the highway was built were in the possession of the Commonwealth. They [*sic*] cannot now blame the Plaintiff if the Commonwealth has lost or misplaced the maps."). Moreover, the Borough was free to and, in fact, did obtain retrospective appraisals of the Church's damages. We are unwilling to infer that the Church's damages cannot be calculated retroactively simply because the subsequent reports estimated greater damages. *See id.* (affirming a trial court's finding of no prejudice where the value of the property taken, subsurface minerals, was still capable of being estimated through test borings because the condemnor "has the ability to reconstruct all the necessary evidence to adequately defend the case").

Accordingly, we affirm the trial court's order overruling the Borough's preliminary objections and remand the matter for further proceedings.

### ORDER

AND NOW, this *7th* day of *July,* 2014, the order of the Court of Common Pleas of Montgomery County dated November 18, 2013, at No. 98–04153, is affirmed, and this matter is remanded for further proceedings.

Jurisdiction is relinquished.