Redevelopment Authority of the City of Wilkes-Barre *v.* Stanley Serafin and Mary A. Serafin, his wife, Stanley Serafin Trucking, or any other person or persons found to have an interest in the property. Stanley Serafin, et al., Appellants.

Argued October 7, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR., and WILKINSON, JR., sitting as a panel of three.

*Paul E. Kanjorski,* with him *Kanjorski & Kanjorski,* for appellants.

*Donald D. McFadden,* with him *Flanagan, Doran, Biscontini & Shaffer,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., October 28, 1976:

In the case at bar, preliminary objections were filed by Stanley Serafin and Mary, his wife, et al. (Appellants) to a declaration of taking of the Redevelopment Authority of the City of Wilkes-Barre (Appellee). The Court of Common Pleas dismissed these objections. Judge PODCASY has most ably presented both the facts and law in his opinion below, and for these reasons, we adopt his opinion, which as yet is unreported. That opinion states:

"We have before us Preliminary Objections filed by defendants, Stanley Serafin and Mary A. Serafin,

husband and wife, to a Declaration of Taking filed by the Redevelopment Authority of the City of Wilkes-Barre by virtue of which the Authority seeks to condemn premises owned by defendants situated at 398-400 North Pennsylvania Avenue in the City of Wilkes-Barre.

"The first three Preliminary Objections raise issues in reference to citation of statutory authority, non-averment of blighted condition of the specific premises, and non-averment of public purpose. None of these three objections were pursued by defendants in oral argument or in counsel's Argument Brief. We therefore find these three initial objections to have been abandoned as without substantial merit.

"The fourth objection, and the only objection pressed by defendants' counsel, is that the Redevelopment Authority, in seeking to condemn defendants' premises, is acting arbitrarily, capriciously, and in bad faith.

"After full consideration of the pleadings and arguments of counsel, and after full and detailed examination of the depositions of Leon Case, executive Director of the Authority, and Stanley Serafin, the male defendant, we find ourselves compelled to dismiss defendants' fourth objection for failure of proof.

"Mr. Case testified, without contradiction, that defendants' premises are within an urban renewal project known as the North End Neighborhood Development, that the North End area was certified blighted by the Wilkes-Barre Planning Commission on January 17, 1969, and that renewal of the area was recommended to the Wilkes-Barre City Council on July 11, 1974. In addition, the following facts appear from Mr. Case's deposition:

"(1) Public hearing was held before the Wilkes-Barre City Council on August 1, 1974, following due legal advertisement.

"(2)   Council on August 1, 1974, after said public hearing, approved renewal of the entire North End Neighborhood Development.

"(3)   Direction Associates, a consulting firm employed sometime during or after 1969, had orally recommended acquisition of defendants' premises because of its blighting influence on the neighborhood.

"(4)   The premises, once acquired by the Authority, are to be used for erection of a city fire station.

"(5)   Acquisition is sought because of Direction Associates' recommendation, and because storage of inoperative trucks, cars, automotive engines and parts on the premises and on the street adjacent thereto have constituted a grave hazard to children in an area which, at least on the eastern side of North Pennsylvania Avenue, is predominantly residential.

"(6)   On July 11, 1974, the Planning Commission specifically approved condemnation of defendants' premises for use as a new fire station because of the need for area redevelopment, the blighting influence stemming from defendants' use of the property, and the particular suitability of the location for a fire station to serve the maximum number of properties.

"Stanley Serafin deposition establishes only that he has been subjected to several prior (and apparently only partially successful) civil and/or criminal actions regarding use of the premises, that he has never been found guilty of violation of any zoning ordinance, that he had no personal knowledge of the August 1, 1974, public hearing or of the Authority's proposed use of his property, and that he was at some earlier date ordered by court to fence in his property. We do not consider these facts relevant to our decision, inasmuch as we are not concerned at this point with matters of zoning or of existence or nonexistence of a public nuisance.

"We are satisfied from the record that the primary and paramount purpose of the proposed condemnation of defendants' premises is to benefit the general public in the North End Neighborhood Development, and that this is manifestly a valid and lawful public purpose. Price v. Philadelphia Parking Authority, 422 Pa. 317 (1966).

"Our function is not to substitute our discretionary judgment for that of the Authority, but simply to determine whether the Authority's exercise of discretion has been proved to be arbitrary or capricious. Simco Stores v. Redevelopment Authority, 455 Pa. 438 (1974); Schwartz v. Urban Redevelopment Authority of Pittsburgh, 411 Pa. 530 (1963). The burden of such proof rests squarely on defendants, and the burden has not been sustained.

"We therefore enter the following

ORDER

"Now, this 17th day of February, 1976, at 11 o'clock A.M., defendants' Preliminary Objections are hereby dismissed."

Affirmed.

ORDER

AND Now, this 28th day of October, 1976, the decision and order of the Court of Common Pleas of Luzerne County is hereby affirmed.