Redevelopment Authority of the City of Wilkes-Barre *v.* Stanley Serafin and Mary A. Serafin, his wife, Stanley Serafin Trucking, or any Other Person or Persons Found To Have an Interest in the Property. Stanley Serafin and Mary A. Serafin, his wife, Stanley Serafin Trucking, Appellants.

Argued April 2, 1979, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

464

*A. Peter Kanjorski,* with him *Paul E. Kanjorski,* and *Kanjorski & Kanjorski,* for appellants.

*Hugh F. Mundy, Donald D. McFadden,* and *Flanagan, Doran, Biscontini & Shaffer,* for appellee.

OPINION BY JUDGE ROGERS, July 27, 1979:

This is an appeal from an order of the Court of Common Pleas of Luzerne County making absolute a rule on the appellants, Stanley and Mary Serafin and Serafin Trucking, to show cause why a writ of possession should not issue. The rule was issued pursuant to Section 407(a) of the Eminent Domain Code (Code), Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §1-407(a).

The Redevelopment Authority of Wilkes-Barre (Authority) condemned the appellants' property in 1975 by the filing of a Declaration of Taking. The appellants filed preliminary objections which were dismissed by an order of the court below, affirmed on appeal to this Court in *Redevelopment Authority of the*

*City of Wilkes-Barre v. Serafin,* 27 Pa. Commonwealth Ct. 338, 365 A.2d 456 (1976). The Authority then offered to pay the appellants estimated just compensation in the amount of $66,295, but the appellants refused to accept the payment. The Authority, pursuant to Section 522 of the Code, 26 P.S. §1-522, filed its petition for leave to pay the estimated just compensation and costs into court. The court below granted the prayer of the petition. The Authority filed with the Prothonotary a praecipe for rule on the appellants to show cause why a writ of possession should not issue, pursuant to Section 407(a). As we first noted, the court made the rule absolute, from which action the Serafins have appealed. The court below stayed the writ pending appeal, and the Authority as we understand does not yet have possession.

The appellants filed no answer to the Authority's petition for leave to pay the estimated just compensation and costs in the court and they filed no answer to the rule to show cause. We learn from briefs of the parties filed on the occasion of this appeal that the parties met with the court below in chambers after the issuance of the rule for writ of possession, that the court declared its willingness to hear legal argument but expressed its belief that it was not required to hear evidence, as the appellants urged, on the issue of whether the Authority's estimate of just compensation had been arrived at, as the appellants say here, "in compliance with the Code and take [sic] into consideration all of the elements of damages which the Code defines as being just compensation." Apparently, since the appellants' sole argument was that the court was required to conduct a hearing on the issue just described, the court made the rule absolute without a hearing.

The appellants here say, as they did below, that the court must conduct an evidentiary hearing on the sub-

ject just mentioned and in addition that at such hearing the condemnor has the "affirmative duty" to establish that in arriving at estimated just compensation it did consider all of the elements required by the Code.

In *In re Condemnation by City of Philadelphia of Leasehold of Airportels, Inc.,* 40 Pa. Commonwealth Ct. 409, 398 A.2d 224 (1979), we were confronted with a condemnor's contention exactly contrary to that of the condemnees here. There the condemnor contended that in a Section 407(b) proceeding, the court is without power or authority to enter into any inquiry with respect to the condemnor's estimate of just compensation, including any inquiry with respect to the condemnor's motives in arriving at an amount to declare as estimated just compensation. We rejected the condemnor's contention there, as we now reject the appellants' contention that the court is required in every case where condemnee demands it, to conduct an inquiry into how the condemnor arrived at its estimate and what elements it considered in doing so, with the burden on the condemnor to prove that every item of compensation provided by the Code was taken into account.

We held in *Airportels, Inc., supra,* that if the clear averments of fact of a condemnee's pleading are that the condemnor has acted fraudently or in palpable bad faith in declaring its estimate of just compensation and if the facts so alleged are thereafter proved by clear, precise and indubitable evidence, then and only then should the trial court act to set aside the condemnor's declaration of estimated just compensation under Section 407(b), 26 P.S. §1-407(b). The same principles apply to this Section 407(a) case—if the condemnee alleges facts which if proved would show that the condemnor has acted fraudulently or in palpable bad faith in making and offering estimated just compensation and if the condemnee thereafter proves the

facts alleged by clear, precise and indubitable evidence, then and only then should the trial court refuse to issue the writ of possession. Of course, the condemnee has the burden of proving fraud and bad faith.

We wrote in *Airportels, Inc.*:

> In order that there be no misunderstanding of our holding, we observe that the fact that the condemnor's estimate of just compensation is in an amount greatly less than the condemnee's expectations, or that it is less than the valuations of the condemnee's appraisers, or that it is less than the amount the hearing judge believes it should have been, either singly or in combination, are not reasons for setting aside the condemnor's declaration. Only fraud or palpable bad faith in making the declaration, described by clear averments of facts in the condemnee's pleading and thereafter proved by clear, precise and indubitable evidence will justify the employment by the trial court of the powers we now hold they possess to set aside the condemnor's declaration, to appoint an impartial appraiser and to enter judgment in favor of the condemnee.

40 Pa. Commonwealth Ct. 421, 398 A.2d at 229.

The appellants did not aver fraud or bad faith on the part of the Authority below and they do not charge it here. Indeed the only complaint concerning the Authority's estimate is that it includes compensation only for real estate, machinery and equipment, without description of what other things should have been included. Since they advanced no grounds which would require the Court to discharge the rule for writ of possession, there was no occasion for the Court to conduct a hearing.

Order affirmed.

## ORDER

AND Now, this 27th day of July, 1979, the order of the court below made January 20, 1978 is affirmed.