620 A.2d 55

**In re Condemnation by the Erie Municipal Airport Authority of Certain Properties in Millcreek, Erie County, Commonwealth or Pennsylvania.**

**ERIE MUNICIPAL AIRPORT AUTHORITY, Appellant,**

**v.**

**Louis J. AGOSTINI, Norman J. Cutri and Riviera Estates, Appellees.**

Commonwealth Court of Pennsylvania.

Argued Oct. 22, 1992.

Decided Jan. 6, 1993.

Richard A. Lanzillo, for appellant.

William P. Bresnahan, for appellees.

Before McGINLEY and KELLEY, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

The Erie Municipal Airport Authority (EMAA) appeals from an order of the Court of Common Pleas of Erie County entering judgment in the amount of $315,000.00 against EMAA as estimated just compensation for a *de facto* taking based upon the report of an impartial appraiser previously appointed by the court. EMAA contends that the trial court erred in determining that the condemnees, Louis J. Agostini, Norman J. Cutri and Riviera Estates (Agostini/Cutri), proved by clear and indubitable evidence that EMAA rendered its estimate of just compensation in palpable bad faith. EMAA concludes that striking its estimate and appointing the impartial appraiser was improper. Alternatively, EMAA argues that the entry of judgment based upon the impartial appraiser's report denies EMAA the right to a jury trial. We agree with EMAA's first argument, vacate the judgment entered and reverse the order granting the petition of Agostini/Cutri to strike the EMAA estimate of just compensation and appoint the impartial appraiser.[1]

Our standard of review in this case is clear. The trial court's findings of fact will not be disturbed if they are supported by substantial evidence; whether those facts demonstrate palpable bad faith, however, is a question of law reviewable by this Court. *Hatfield Township Appeal,* 28 Pa.Commonwealth Ct. 109, 367 A.2d 747 (1977). To justify setting aside the condemnor's estimate of just compensation and appointing an impartial appraiser, a condemnee must show palpable bad faith or fraud on the part of the condemnor. *Redevelopment Authority of Wilkes–Barre v. Serafin,* 44

---

1. Because we vacate and reverse based upon EMAA's first argument, we will not address the claimed deprivation of the right to a jury trial.

Pa.Commonwealth Ct. 463, 404 A.2d 440 (1979). The Agostini/Cutri pleadings do not allege fraud, only palpable bad faith. (Petition For Appointment Of An Impartial Appraiser To Determine Estimated Just Compensation, 11/19/90, Par. 17.) Accordingly, our inquiry is confined to whether the facts demonstrate palpable bad faith on the part of EMAA.

Bad faith "describes conduct of a dishonest nature." *Moyer v. State Real Estate Commission,* 1 Pa.Commonwealth Ct. 515, 521, 276 A.2d 327, 330 (1971). In this context, bad faith implies a tainted or fraudulent motive; it must be proven by clear, precise and indubitable evidence. *In Re Condemnation by City of Philadelphia of Leasehold of Airportels, Inc.,* 40 Pa.Commonwealth Ct. 409, 398 A.2d 224 (1979). "Bad faith becomes palpable when such motive is obvious or readily perceived." *Redevelopment Authority of the City of Erie v. Owners,* 1 Pa.Commonwealth Ct. 378, 383, 274 A.2d 244, 247 (1971).

The factual and procedural history of this case is summarized as follows. On November 13, 1978, EMAA completed a 500 ft. extension of a runway at the Erie Municipal Airport. EMAA had previously notified Agostini/Cutri that this extension required an avigation easement over a portion of the property they operate as the Riviera Estates mobile home trailer park. On November 23, 1987, because no offer had been made to acquire the easement nor any action taken to condemn the easement, Agostini/Cutri filed a petition alleging that a *de facto* taking had occurred. That petition was granted and a Board of Viewers appointed; on appeal by EMAA this Court affirmed. *Erie Municipal Airport Authority v. Agostini,* 127 Pa.Commonwealth Ct. 360, 561 A.2d 1281 (1989), *petition for allowance of appeal denied,* 525 Pa. 586, 575 A.2d 116 (1990).

In June and July, 1990, the Board of Viewers held hearings to determine damages for the *de facto* taking. Both Agostini/Cutri and EMAA presented the testimony of expert appraisers. The Agostini/Cutri experts valued the easement taken in amounts ranging from $790,000.00 to $1,040,000.00. The first EMAA appraiser valued the avigation easement at

$2,500.00, the second at $59,500.00. On August 24, 1990, the Board awarded damages in the amount of $484,900.00; both EMAA and Agostini/Cutri appealed. Agostini/Cutri also filed a petition requesting that the court of common pleas compel EMAA to pay estimated just compensation pursuant to Section 407 of the Eminent Domain Code. Act of June 22, 1964, Special Sess., P.L. 84, § 407, *as amended*, 26 P.S. 1–407. That petition was granted. EMAA entered its estimate of just compensation at $31,000.00; the estimate was made by averaging the appraisals of the two EMAA experts.

Agostini/Cutri filed a petition seeking appointment of an impartial appraiser alleging that the EMAA estimate had been rendered in palpable bad faith. At the hearing on the petition, Agostini/Cutri introduced the EMAA grant applications to the Federal Aviation Administration (FAA) requesting amounts ranging from $314,000.00 to $1,900,000.00 for acquisition of the easement in question. All testimony in the prior proceedings as to the *de facto* taking and before the Board of Viewers was admitted by stipulation of the parties. Additionally, Agostini/Cutri called Wallace J, Knox, II, counsel for EMAA, and Rosemary N. Palmer, Airport Director for EMAA. Both testified that in rendering its estimate of just compensation, EMAA considered the following factors:

1) The appraisal report of Mr. Laird estimating damages at $2,500.00;

2) The appraisal report of Mr. Kulzer, estimating damages at $59,500.00;

3) $31,000.00 as the average of those two appraisals;

4) Under 26 P.S. § 1–407(c) the condemnee cannot be compelled to return any overpayment of estimated just compensation;

5) the impact of the palpable bad faith holding of the *Airportels* case.

The trial court found that Agostini/Cutri had presented sufficient evidence to demonstrate palpable bad faith on the part of EMAA based upon the following analysis.

The combination of the testimony offered at the hearing on April 30, 1991, and the exhibits entered by both plaintiffs

and defendant have convinced this court that defendant was overly concerned with the possibility of paying plaintiffs an estimate of just compensation which would be higher than the ultimate amount determined by a jury, and then being unable to have money returned to defendant by plaintiffs because of the provisions of Section 407(c) of the Pennsylvania Eminent Domain Code. Defendant did not prepare an estimate of 'just compensation', but rather, an estimate of the lowest possible sum it felt could could be rationalized. Further, that because of defendant's preoccupation with the ramifications of Section 407(c), it disregarded the determination of an independent body, i.e., the Board of Viewers, which had determined that the general damages were more than $450,000.00 higher than defendant's estimate of just compensation. And, further, this court finds that defendant averaged the two opinions of damages given by their experts before the Board of Viewers, opinions which had been severely attacked and discredited by cross-examination during the hearing to the extent of having minimal effect upon the decision of the Viewers, and to the extent of demonstrating in one instance a lack of understanding of what was being appraised, and in the other instance a lack of attention to the details of the appraisal process.

This court finds that the tainted motive of the defendant was the overall desire to pay as little as possible to the plaintiffs in order to assure that if a jury determined a smaller amount of just compensation, defendant would not have overpaid.

(Trial Court Opinion, 8/9/91, pp. 14–15.)

The polestar case in this area is *Airportels*. There the condemnor had entered its estimate of just compensation at – 0–. Further, from the testimony presented at the hearing, it was apparent that the condemnor continued to insist that no taking had occurred despite a final decision to the contrary.[2]

---

**2.** In *Airportels*, the City of Philadelphia Director of Commerce testified that he justified the –0– estimate of just compensation because "the court notwithstanding I believe nothing was taken." *Airportels*, 40 Pa.Commonwealth Ct. at 415, 398 A.2d at 227. Here Ms. Palmer admitted that she had previously stated that Agostini/Cutri were only

*Airportels,* 40 Pa.Commonwealth Ct. at 416, 398 A.2d at 227. Moreover, in rendering its –0– estimate, the condemnor had ignored the appraisals of its own experts that valued the leasehold taken at $4 million to $6.5 million. This evidence was sufficient to support the conclusion that the condemnor had acted in palpable bad faith. We were clear, however, as to what does *not* constitute palpable bad faith.

> [T]he fact that the condemnor's estimate of just compensation is in an amount greatly less than the condemnee's expectation, or that it is less than the valuations of the condemnee's appraisers, or that it is less than the amount the hearing judge believes it should have been, either singly or in combination, are not reasons for setting aside the condemnor's declaration.

*Airportels,* 40 Pa.Commonwealth Ct. at 421, 398 A.2d at 229.

■ We hold that the trial court improperly concluded that EMAA had acted in palpable bad faith when rendering its estimate of just compensation. Unlike *Airportels,* EMAA has not demonstrated a refusal to acquiesce in the decision that a *de facto* taking has occurred; it does, however, continue to contest an issue that has not yet been finally decided. The wide range in values assigned to the easement by each of the experts and the Board of Viewers stems from a fundamental disagreement as to whether the assembled economic unit doctrine of Section 603 of the Eminent Domain Code applies to this taking. Act of June 22, 1964, Special Sess., P.L. 84, § 603, *as amended,* 26 P.S. 1–603. That question is the basis of the EMAA appeal; it continues to assert that Section 603 does not apply to this taking. At argument, counsel for Agostini/Cutri admitted that the park tenants own some of the mobile home trailers in the area affected by the avigation easement. Without deciding the question of whether Section 603 applies, we note this fact supports EMAA's position. The pertinent point for this analysis is that EMAA has not demon-

entitled to nominal damages for the taking of the easement. (Notes of Testimony, 4/30/91, p. 98.) Unlike *Airportels,* this testimony and prior statements do not continue to contest that a taking had occurred despite a final decision on that issue. They only indicate a continuing dispute over the amount of damages due for that taking.

strated continuing disregard of a decision finally disposing of its contentions. Its conduct is clearly distinguishable from that of the condemnor in *Airportels*.

■ Further, EMAA has not disregarded the appraisals made by its own experts. Those appraisals are the basis of the estimate of just compensation entered by EMAA. Disregard of the value assigned a taking by one's own experts in favor of a lower figure indicates the tainted motive necessary to support the conclusion that the condemnor acted in palpable bad faith. Disregard of the values assigned the taking by your adversary's experts, without more, does not show such tainted motive.

■ Further, it was not palpable bad faith to refuse to consider the award of damages made by the Board of Viewers. EMAA's appeal of that award alleges an error of law in how the Board computed the damages. EMAA properly refused to give weight to an award it considers fundamentally flawed when estimating just compensation.

■ The trial court focused on EMAA's "preoccupation" with the statutory preclusion of the recovery from the condemnee of any overpayment if estimated just compensation exceeds the actual award of damages, finding that this concern was improper. We disagree. Preservation of public funds is a legitimate concern of public officials. Likewise, the grant applications to the FAA do not indicate palpable bad faith. It was prudent to apply for grants in amounts commensurate with the higher appraisals to insure that sufficient funds are available if it is finally decided that Section 603 applies to this taking.

■ Finally, it is clear from the trial court's opinion that the hearing judge discounted the appraisals made by the EMAA experts. In effect, the hearing judge weighed the testimony of all the experts as to the value of the easement and determined that estimated just compensation should have been considerably higher. *Airportels* is clear, however, that this is not the trial court's function. The inquiry addresses the motives of the condemnor in rendering its estimate, not

whether the condemnor will prevail on the merits as to the amount of damages. While the amount of the estimate can be evidence of palpable bad faith, *Airportels* is clear that the fact that the estimate is less than than the valuation of the taking made by the condemnees, their experts or the hearing judge, either singly or in combination, does not constitute palpable bad faith.

In summary, Agostini/Cutri did not present clear and indubitable evidence demonstrating palpable bad faith on the part of EMAA when rendering the estimate of just compensation. Accordingly, entry of judgment based upon the report of the impartial appraiser is vacated and the order striking the EMAA estimate of just compensation and appointing the impartial appraiser is reversed.

### ORDER

NOW, January 6, 1993, the order of the Court of Common Pleas of Erie County, at No. 4666–A–1987 dated December 16, 1991, entering judgment on the report of the impartial appraiser, and the amended order of January 14, 1992, again entering judgment on the report of the impartial appraiser are vacated. The order entered on August 9, 1991, striking the declaration of estimated just compensation of the Erie Municipal Airport Authority and appointing an impartial appraiser is reversed, the declaration of estimated just compensation made by the Erie Municipal Airport Authority is reinstated.

McGINLEY, Judge, dissenting.

I respectfully dissent.

The majority holds that the trial court erred in concluding that EMAA acted in palpable bad faith when rendering its estimate of just compensation. I disagree. As the trial court noted, citing *Airportels,* bad faith implies a tainted or fraudulent motive, and it is palpable when it is readily perceived. Opinion of the Trial Court, August 9, 1991, at 13.

Before the Board of Viewers, EMAA presented the testimony of two appraisers who valued the avigation easement at

$2,500.00 and $59,500.00. Agostini/Cutri's three appraisers valued the easement taken from $790,000.00 to $1,040,000.00. On August 24, 1990, the Board of Viewers awarded Agostini/Cutri damages in the amount of $484,900.00.

In response to Agostini/Cutri's subsequent petition to compel EMAA to declare and pay estimated just compensation under Section 407 of the Eminent Domain Code, 26 P.S. § 1–407, EMAA completely disregarded the Board of Viewers' independent determination. Instead EMAA adopted the novel and unique approach of declaring estimated just compensation at $31,000.00, the average of its own two appraisers. This hardly reflects confidence in either appraisal.

As the trial court noted, the opinions of EMAA's appraisers were so successfully attacked and discredited on cross-examination before the Board of Viewers that they had minimal, if any, impact on the Board's decision. Opinion of the Trial Court, August 9, 1991, at 14. Consequently, the trial court did not err in concluding that the evidence of record [1] establishes that EMAA did not prepare "an estimate of 'just compensation,' but rather an estimate of the lowest possible sum it felt could be rationalized" in order to avoid paying a reasonable amount of just compensation. This is a situation where the trial court correctly addressed the motives of the condemnor in rendering its estimate and correctly applied the provisions of Section 407(c) of the Eminent Domain Code, 27 P.S. 1–407(c). Id. Accordingly, the trial court not did not err in concluding that when EMAA set $31,000.00 as its estimate of just compensation, it was made on the basis of palpable bad faith.

1. The pertinent evidence, as summarized by the trial court, indicates that: (1) at the time EMAA's appraisals were made, the Board of Viewers' award of $484,900.00 was already in existence; (2) no review appraisal of EMAA's appraisals as done; (3) EMAA had applied for and received federal funding of which $349,000.00 was specifically allocated for acquiring the easement over Agostini/Cutri's property in the approach to Runway 24; and (4) EMAA had applied for an additional $1,900,000.00 (amount needed to cover the Board of Viewers' award, costs, attorney's fees and delay damages) to acquire the court-declared avigational easement over the entire Agostini/Cutri property. Opinion of the Trial Court, August 9, 1991, at 8–9.

I believe the trial court's findings are supported by substantial evidence and the trial court's conclusions are without error.